NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0035n.06

Case No. 23-3112

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

FILED
Jan 25, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
|  | ) | |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE NORTHERN DISTRICT OF |
| DEON RODGERS-INGERSOLL, | ) | OHIO |
| Defendant-Appellant. | ) | OPINION |
|  | ) | |

Before: GIBBONS, WHITE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. A federal court sentenced Deon Rodgers-Ingersoll to thirty-six months in prison for possessing a firearm as a felon. Rodgers-Ingersoll challenges his sentence as procedurally and substantively unreasonable. Because it is neither, we affirm.

I.

Rodgers-Ingersoll purchased ammunition at a gun show. A federal agent witnessed the transaction and checked Rodgers-Ingersoll's license plate as he drove away. The agent discovered Rodgers-Ingersoll had a felony conviction, making it illegal for him to purchase ammunition. *See* 18 U.S.C. § 922(g)(1). The agent was working with local police, who followed Rodgers-Ingersoll's car and attempted a traffic stop.

Though Rodgers-Ingersoll initially failed to respond to the police's lights and sirens, he eventually pulled over. Police approached the vehicle and noticed Rodgers-Ingersoll's passenger

had a firearm on his lap. After police secured the gun, Rodgers-Ingersoll asked if he could grab his wallet and reached for his girlfriend's purse. Worried he was reaching for another weapon, police knocked the purse from his hand. A gun fell out of it. Police then searched the car and found two additional firearms, over 500 cartridges of ammunition, three large-capacity magazines, and cannabis. Rodgers-Ingersoll later admitted that he intended to resell the guns and ammo.

Rodgers-Ingersoll pled guilty to possessing a firearm as a felon. The presentence report calculated Rodgers-Ingersoll's Guidelines range at twelve to eighteen months' imprisonment, and neither party objected. But at sentencing, the district court varied upward and imposed a thirty-six-month sentence. Rodgers-Ingersoll appeals.

## II.

Rodgers-Ingersoll argues his sentence is procedurally unreasonable because the district court relied on incorrect information. He also claims the court failed to provide notice that it might vary his sentence upward. Lastly, he claims his sentence is substantively unreasonable. Rodgers-Ingersoll raises these claims for the first time on appeal. We therefore review his procedural challenges for plain error, and his substantive challenge for abuse of discretion. *United States v. Hatcher*, 947 F.3d 383, 389 (6th Cir. 2020); *United States v. Demma*, 948 F.3d 722, 727 (6th Cir. 2020). In any event, all his claims fail.

## A.

First, Rodgers-Ingersoll argues his sentence was procedurally unreasonable because the court relied on "clearly erroneous" facts. *See United States v. Miller*, 73 F.4th 427, 429–30 (6th Cir. 2023). Specifically, he takes issue with one exchange during the sentencing hearing. In that exchange, the court asked the government if Rodgers-Ingersoll had a gun on his lap during the

traffic stop. The government answered yes, even though it was Rodgers-Ingersoll's *passenger* who had a gun on his lap.

If the court had relied on this mistake when imposing the upward variance, Rodgers-Ingersoll might have a claim. *Cf. United States v. Adams*, 873 F.3d 512, 517–18 (6th Cir. 2017). But it didn't. Later in the sentencing, when the court explained why it varied Rodgers-Ingersoll's sentence upward, it correctly noted that the firearm was on the passenger's lap. Thus, the court didn't rely on erroneous facts when it imposed the variance.

Rodgers-Ingersoll disagrees and argues that the court's subsequent clarification "did not clearly and unequivocally correct" the earlier mistake. Reply Br. 8. But Rodgers-Ingersoll needs to show that the court relied on clearly erroneous information—not that it failed to "clearly" correct a slip-up. And here, the court didn't rely on incorrect facts.

Regardless, the lap gun was just one of many factors supporting the variance. The court also considered Rodgers-Ingersoll's history of domestic violence, his criminal record, the lack of deterrence from past sentences, his decision to reach for a weapon during arrest, and his plan to resell the illegally obtained guns and ammo. Thus, there's no reason to believe the court based Rodgers-Ingersoll's sentence on a single, subsequently corrected misstatement of fact.

## B.

Second, Rodgers-Ingersoll argues his sentence was procedurally unreasonable because he lacked notice that the court was considering a variance. The Supreme Court, however, has made clear that variances don't require notice. *Irizarry v. United States*, 553 U.S. 708, 714–16 (2008). To be sure, we've held that a court sometimes needs to "provide notice of *the specific issues* it plans to consider in imposing a variance"—but only when "those issues will come as a surprise to

the parties." *United States v. Fleming*, 894 F.3d 764, 770–71 (6th Cir. 2018). By contrast, a court "need not notify the parties that a variance is possible." *Id.* at 770.

Here, Rodgers-Ingersoll doesn't allege that the court relied on unexpected information when varying his sentence. Nor could he: the PSR identified the specific issues upon which the court relied, and Rodgers-Ingersoll had access to that report before sentencing. Rather, Rodgers-Ingersoll complains that he lacked notice of the *possibility* of a variance. Our precedents make clear that no such notice is required.

## C.

Rodgers-Ingersoll also claims his sentence was substantively unreasonable—that is, too long. On appeal, we assess whether the court reasonably weighed the § 3553(a) factors. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018); *see* 18 U.S.C. § 3553(a).

The district court gave three reasons for varying above the Guidelines range. *See* 18 U.S.C. § 3553(a)(1)–(2). First, the district court considered Rodgers-Ingersoll's disobedient and dangerous conduct during the traffic stop. He did not initially stop after the police attempted to pull him over. And once pulled over, he reached for a purse containing a firearm, jeopardizing the safety of his passengers and the officers. Second, the district court considered the crime's context within the broader community. Rodgers-Ingersoll's car was filled with large-capacity magazines and firearms, some of which he intended to resell. The district court found it concerning that in cities like Akron and Cleveland, where the murder rate was "on the uptick," Rodgers-Ingersoll was "putting guns . . . in the hands of those who should not have them." R. 38, Pg. ID 181. Lastly, the court recognized that Rodgers-Ingersoll's twenty-seven-month sentence for a previous felon-in-possession offense hadn't adequately deterred him. In light of these factors, a thirty-six-month sentence wasn't unreasonable, much less an abuse of discretion.

In response, Rodgers-Ingersoll argues the court assigned too much weight to his criminal history. He says his past convictions shouldn't be a basis for varying upward, since his Guidelines range already accounts for them in his criminal-history score. *See United States v. Boucher*, 937 F.3d 702, 711 (6th Cir. 2019). But only one of Rodgers-Ingersoll's eleven past offenses—the previous felon-in-possession offense—counted toward his criminal-history score.[1] Moreover, the district court didn't cite his criminal history as one of the three reasons for the upward variance. Instead, the district court relied on the fact that Rodgers-Ingersoll's prior, twenty-seven-month sentence failed to deter him from committing the same offense again. And the court's reliance on that fact was reasonable to effectuate § 3353(a)(2)(B)'s purpose of deterrence.

\* \* \*

Affirmed.

---

[1] Rodgers-Ingersoll's other offenses were either too old or had occurred before he turned eighteen, and therefore didn't contribute to his score. *See* U.S. Sent'g Guidelines Manual § 4A1.1–2.