NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0085n.06

No. 24-1110

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Feb 12, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| EVERIC LAMOT ALLEN, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |
| | ) ) | |

Before: SILER, CLAY, and READLER, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Everic Allen appeals the district court's judgment sentencing him to 60 months in prison for possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). Allen contends that his sentence was substantively unreasonable. We disagree and, for the reasons set forth below, **AFFIRM** the judgment of the district court.

## I. BACKGROUND

### A. Factual Background

Allen's conviction for unlawful possession of ammunition followed an investigation by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). On January 27, 2023, ATF agents used a confidential informant ("CI") to purchase 1.5 grams of cocaine from Allen. The following week, ATF agents used another CI to purchase two grams of cocaine from Allen. On February 13, 2023, ATF agents and local police officers searched trash from Allen's home, where they located plastic bags containing cocaine.

Continuing with their investigation, in March 2023, ATF agents executed a search warrant at Allen's home. During the ensuing search, the officers discovered a 20-gauge shotgun, digital scale with white residue, a plastic bag containing approximately seven grams of cocaine base, eighteen rounds of .22 caliber ammunition, four firearm magazines, two BB guns, and fifteen grams of suspected marijuana. Allen, who was present during the search, was advised of his *Miranda* rights, and subsequently stated to the agents that he sold small quantities of crack and marijuana daily and had received the firearm magazines, which he intended to pawn, in exchange for crack cocaine.

## B. Procedural Background

On May 10, 2023, a grand jury returned a one-count indictment against Allen, charging him with unlawfully possessing ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). On September 15, 2023, Allen entered a plea of guilty to the Indictment before a magistrate judge. Allen's guilty plea was formally accepted by the district court on October 2, 2023. Pursuant to his plea agreement, Allen acknowledged knowing that his prior state court felony convictions made his possession of ammunition unlawful. The probation office then issued a pre-sentence report recommending a Guidelines range of 57 to 71 months' imprisonment, based on a total offense level of twenty-one and a criminal history category of four.

Allen was sentenced on January 25, 2024. During the sentencing hearing, the government and Allen did not object to the pre-sentence report's Guidelines calculation, and the district court adopted the calculation as its own. Allen's defense counsel then implored the district court for leniency, noting that Allen was forty-six years old, did not possess a firearm in which to use the .22 caliber ammunition, had accepted responsibility for his crime, and had grown closer to his family following the recent deaths of his parents. Allen also addressed the court, reiterating his

acceptance of responsibility for illegally possessing the ammunition and explaining that he hoped to "return back to society and be a law abiding citizen because [he] no longer want[ed] to commit crime." Sentencing Hr'g Tr., R. 45, Page ID #176.

The district court ultimately sentenced Allen to 60 months of imprisonment and three years of supervised release. In discussing the considerations that factored into its sentencing decision, the district court noted that Allen had stored the ammunition in the same home where he stored narcotics that he unlawfully sold. The district court next acknowledged letters that it reviewed attesting to the support Allen received from his family members. The district court also discussed Allen's age, noting that

> [h]e is 46. The statistics show that people do age out of crime. They get tired. They get exhausted. They get fed up of constantly being caught in the circle. 46 is not particularly old in the statistical realm of people aging out, but nevertheless Mr. Allen is not in his 20s. He's out a bit in that regard.

*Id.* at Page ID #182. In addition, the district court acknowledged Allen's previous criminal convictions and disciplinary infractions during his periods of incarceration. The district court then explained why it believed that a sentence within the Guidelines range was appropriate:

> I am not going to grant, to the extent it was asked for — it wasn't in the sentencing memorandum, at least explicitly, but to the extent either Mr. Allen or counsel is seeking a variance, I don't think a variance below the guidelines is called for. I think a guidelines sentence is sufficient but not greater than necessary to achieve the purposes of sentencing in this case, and I don't think anything above the guidelines is necessary either. I think that is more than is necessary.
>
> You know, the issue is the high end of the guidelines or the low end of the guidelines, and I've given it some thought. I don't think the bottom of the guidelines is the right way to go, but I think close to it is . . . .

*Id.* at Page ID #184–85.

The district court entered judgment on January 25, 2024, from which Allen timely appealed on February 8, 2024.

## II.   DISCUSSION

On appeal, Allen argues that his 60-month sentence is too long and therefore substantively unreasonable. Allen contends that his sentence within the Guidelines range is inappropriate because he did not possess a firearm. In addition, Allen argues that his sentence is substantively unreasonable because he "was aging out of crime," "would have resources available to truly start a new life at the close of the sentence imposed," self-surrendered following his indictment, and accepted the consequence of his crime. Appellant's Br., ECF No. 18, 16–18.

### A.  Standard of Review

We review criminal sentences for procedural and substantive reasonableness. *United States v. Thomas-Mathews*, 81 F.4th 530, 541 (6th Cir. 2023) (citing *United States v. Gates*, 48 F.4th 463, 468 (6th Cir. 2022)). "When, as here, a defendant does not challenge the procedural reasonableness of the sentence imposed by the district court, we limit our review to whether the sentence was substantively reasonable." *United States v. Sexton*, 889 F.3d 262, 265 (6th Cir. 2018) (citing *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008)). That review is further limited by the abuse of discretion standard, which applies "regardless of whether the sentence is inside or outside the Guidelines range." *United States v. Musgrave*, 761 F.3d 602, 607–08 (6th Cir. 2014) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "The abuse-of-discretion standard is deferential: Even if we 'might have reasonably concluded that a different sentence was appropriate[, this] is insufficient to justify reversal of the district court.'" *United States v. Adams*,

873 F.3d 512, 517 (6th Cir. 2017) (quoting *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007)).

## B. Substantive Reasonableness

Determining whether a sentence is substantively reasonable requires consideration of the totality of the circumstances. *United States v. Johnson*, 26 F.4th 726, 736 (6th Cir. 2022). "For a sentence to be substantively reasonable, 'it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of [18] U.S.C. § 3553(a).'" *United States v. Zabel*, 35 F.4th 493, 504 (6th Cir. 2022) (quoting *United States v. Young*, 847 F.3d 328, 371 (6th Cir. 2017)). "[S]entences are substantively unreasonable when 'the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *Gates*, 48 F.4th at 477 (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). In contrast, sentences within the range recommended by the Sentencing Guidelines are presumptively reasonable. *United States v. Sears*, 32 F.4th 569, 573 (6th Cir. 2022). While that presumption is "not binding[,]" within-Guidelines sentences reflect a "double determination" by the sentencing judge and the Sentencing Commission, "significantly increas[ing] the likelihood that the sentence is a reasonable one." *Adams*, 873 F.3d at 520 (quoting *Rita v. United States*, 551 U.S. 338, 347 (2007)).

Allen's 60-month sentence was within the applicable Sentencing Guidelines range and is therefore presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Allen has failed to rebut that presumption. As Allen acknowledges, the district court addressed the factors which Allen contends warranted a sentence below the Guidelines range. *See* Appellant's Br. at 17 ("While the district court did not ignore these factors, it also did not give

them the full weight and consideration they warranted."). In explaining its sentencing decision, the district court considered Allen's age and acceptance of responsibility for this crime, his lack of a firearm to pair with the ammunition he illegally possessed, and the support Allen received from his family members which may ease his reentry into society following his incarceration. While Allen objects to the district court's weighing of these considerations, "the manner in which a district court chooses to balance the applicable sentencing factors is beyond the scope of the Court's review." *United States v. Sexton*, 894 F.3d 787, 797 (6th Cir. 2018) (quoting *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013)). In addition, we have previously rejected arguments that factors such as a defendant's age, acceptance of responsibility, or familial ties rendered a defendant's within-Guidelines sentence substantively unreasonable. *See, e.g.*, *United States v. Miller*, 73 F.4th 427, 431 (6th Cir. 2023) (acceptance of responsibility); *United States v. Swinnerton*, 824 F. App'x 380, 386 (6th Cir. 2020) (familial ties); *United States v. Mitchell*, 724 F. App'x 437, 440–41 (6th Cir. 2018) (age). While "it was theoretically possible for the district court to impose a shorter sentence that was also substantively reasonable on the facts of this case, that does not undermine or otherwise contradict a conclusion that the sentence here was reasonable." *United States v. Wells*, 631 F. App'x 408, 421 (6th Cir. 2015) (citing *United States v. Herrera-Zuniga*, 571 F.3d 568, 591 (6th Cir. 2009)).

### III. CONCLUSION

For the reasons set forth above, we **AFFIRM** the judgment of the district court.