NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0077n.06

No. 25-1326

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Feb 09, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE WESTERN |
| ARMANDO MISAEL VILLANUEVA, | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
|  | ) | OPINION |
|  | ) | |
|  | ) | |

Before: McKEAGUE, LARSEN, and RITZ, Circuit Judges

LARSEN, Circuit Judge. Armando Villanueva pleaded guilty to unlawfully possessing a machine gun. The district court sentenced him to a within-Guidelines sentence of 84 months' imprisonment. Villanueva challenges his sentence as substantively unreasonable. We AFFIRM.

I.

Armando Villanueva possessed and trafficked firearms. A grand jury indicted him for conspiring to possess and transfer machine guns and possessing a machine gun. Villanueva pleaded guilty to the latter charge. Prior to sentencing, Villanueva moved for a downward variance. The district court rejected the variance motion, calculated the Guidelines range at 70 to 87 months, and sentenced Villanueva to 84 months in prison. His sentence was to run consecutively to any state-court sentence for a related parole violation.

Villanueva then appealed to this court, claiming that the district court had erred by declining to run his sentence concurrent to any state-court sentence. The government admitted that it had mistakenly opposed a concurrent sentence, despite its promise in the plea agreement not

to oppose one. The government then asked this court to remand to the district court to allow the court to reconsider whether to run the sentence consecutively or concurrently with no opposition from the government. Based on the government's concession of error, this court vacated the sentence and remanded for the district court to consider whether the sentence should run concurrently instead of consecutively. On remand, Villanueva again requested a downward variance. The district court again rejected the variance, again calculated the Guidelines range at 70 to 87 months, and again sentenced Villanueva to 84 months. But this time the court ordered the sentence to run concurrently to any state-court sentence. Villanueva again appeals, this time challenging the substantive reasonableness of his sentence.

## II.

A substantive reasonableness claim "is a claim that a sentence is too long." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). "It's a complaint that the court placed too much weight on some of the [18 U.S.C.] § 3553(a) factors and too little on others in sentencing the individual." *Id.* We review for an abuse of discretion, *id.*, and presume that a sentence within the Guidelines range, like Villanueva's, is reasonable, *United States v. Owen*, 940 F.3d 308, 317 (6th Cir. 2019).

In determining Villanueva's sentence, the district court considered the nature and circumstances of the offense, which included that Villanueva's arrest stemmed from his part in a gunfight over a girlfriend while Villanueva was on parole. As for the conviction offense itself, the court noted that, due to its rapid-fire capabilities, the machine gun Villanueva possessed was "extremely dangerous" and could "create devastation to a community, . . . so the seriousness of this offense . . . [could not] be overstated." R. 559, Sentencing Tr., PageID 2966. The court found the seriousness of the offense "probably a preeminent factor" because there are "many

neighborhoods in west Michigan that are plagued by gun violence and [Villanueva's] conduct substantially contributed to that by being in possession of a gun that can fire over 1,000 rounds a minute and using a straw purchaser to get guns." *Id.* at 2969. The court considered Villanueva's lengthy criminal history, which started at the age of 11 and included several drug and firearm convictions. The court found this history "extremely concerning" and found that it "really inform[ed] the [c]ourt as to whether a guideline sentence [was] appropriate here." *Id.* at 2967. The court explained that Villanueva had "a very prolific criminal history, and efforts to curtail [Villanueva] up until this point ha[d] been met with no impact." *Id.* at 2968. The court weighed those factors against the mitigating evidence, which included that Villanueva had obtained a GED and grew up without a father in his life and with a family facing financial problems. In the end, the court concluded that a downward variance was not appropriate; instead, a within-Guidelines sentence of 84 months was "sufficient but not greater than necessary to achieve the statutory purposes of sentencing." *Id.* at 2972. The court therefore "properly considered all of the factors, balanced them, and imposed a reasonable sentence." *See Rayyan*, 885 F.3d at 443. Villanueva's sentence was substantively reasonable.

Villanueva argues that the court erred by not imposing a downward variance in light of his difficult childhood and the fact that several misdemeanors were included in the calculation of his criminal history score. He says that the court "should have considered [a] variance to a lower guideline level" and that "[a] lower sentence in the range of 63-78 months would still afford adequate deterrence and protect the public from further crimes." Appellant Br. at 22. But the district court did *consider* a variance; it weighed Villanueva's positives (including those outlined by Villanueva on appeal) against the negatives, ultimately concluding that a within-Guidelines sentence was appropriate. Villanueva would have us balance the factors differently, but that is

beyond the scope of our appellate review. *United States v. Miller*, 73 F.4th 427, 431 (6th Cir. 2023). Villanueva has failed to rebut the presumption of reasonableness afforded his within-Guidelines sentence.

\* \* \*

We AFFIRM.